**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VICKIE M. STRINGER,

Plaintiff,

v.

Case No. 25-cv-12632
Hon. Jonathan J.C. Grey

PUBLISHERS STORAGE & SHIPPING CORP.,

Defendant.
________________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PROPER PARTY (ECF Nos. 19, 20) AND GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 16)**

## I. INTRODUCTION

On August 20, 2025, Plaintiff Vickie M. Stringer filed a complaint against Publishers Storage & Shipping Corp. ("PSSC") and Hanover Insurance Company. (ECF No. 1.) After voluntarily dismissing Hanover (ECF No. 7), Stringer filed a first amended complaint ("FAC"). (ECF No. 12.) On December 4, 2025, Publishers Storage & Shipping, LLC (the "LLC"), which was not named as a defendant in the complaint or FAC, filed a motion to dismiss. (ECF No. 16.) On December 15 and 17, 2025, Stringer filed a pair of motions to substitute proper party (ECF Nos. 19, 20), seeking to add the LLC as a defendant in place of PSSC (collectively,

the “motion to substitute”). The motions are fully briefed. (ECF Nos. 21, 23–25.) The Court finds that oral argument will not aid in its disposition of the motions; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons stated below, the motions are **GRANTED** and this cause of action is **DISMISSED WITHOUT PREJUDICE**.

## II. BACKGROUND

Stringer, a resident of Ohio, alleges four state law claims in the FAC: Fraud, Breach of Contract, Conversion, and Unjust Enrichment. Stringer does not allege any claims arising under federal law or the United States Constitution. Her claims stem from one or more contracts she and PSSC (a defunct Michigan corporation) entered from 2010 to 2015. (ECF No. 12, PageID.44.) PSSC was to provide “comprehensive publishing services including warehouse storage, order fulfillment, receivables collection, and insurance coverage.” (*Id.*) PSSC allegedly required customers such as Stringer to provide insurance subrogation waivers or enroll in its insurance program through Hanover. (*Id.*) Stringer elected to enroll in the insurance program. (*Id.* at PageID.45.)

Stringer alleges that she stored approximately 15,500 units of

published books with PSSC, which published books cost $46,500 to produce, with $232,500 of retail value. (*Id.*) She claims that PSSC collected, but never remitted to her, over $100,000 in customer receivables. (*Id.*)

In 2015, PSSC's ownership changed when it was "acquired by Signet Enterprises, but identical business operations, locations, personnel, and fraudulent insurance representations continued." (*Id.* at PageID.46.) According to the LLC, the LLC purchased PSSC pursuant to an asset purchase agreement in 2015, which agreement afforded the LLC the right to use the name "Publishers Storage & Shipping" but did not involve an overlap in ownership between PSSC and the LLC. (ECF No. 16, PageID.69–70.)

In 2024, Stringer learned that all 15,500 units she stored with PSSC were no longer in "PSSC's" possession. (*Id.* at PageID.45.) When Stringer filed claims with Hanover in 2025, she was advised that Hanover did not have a policy for "PSSC" and denied her claims. (*Id.*)

## III. LEGAL STANDARDS

### A. Rule 15(a)

"The court should freely give leave when justice so requires." Fed.

R. Civ. P. 15(a)(2). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. Pro Se Litigant

Federal courts hold a pro se complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se litigants are not, however, excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### C. Rule 12(b)(1)

> Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *Id.*
>
> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.* Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

*Cartwright v. Garner*, 751 F.3d 752, 759–760 (6th Cir. 2014).

The LLC's motion constitutes a factual attack. As such, Stringer's allegations need not be presumed true, and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598. The Court "has wide discretion" to consider affidavits and documents "to arrive at the factual predicate that subject-matter jurisdiction does or does not exist." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir 2007).

In this case, Stringer relies only on 28 U.S.C. § 1332, i.e., diversity jurisdiction, as a basis for subject matter jurisdiction.[1] In addition to requiring a matter in controversy in excess of $75,000 (which is not in dispute here), Section 1332 requires that the controversy is between citizens of different states (or foreign states). 28 U.S.C. §1332(a).

A limited liability company is a resident of the states of all its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (holding that a limited liability company has the citizenship of each of its members). "It is axiomatic that federal diversity jurisdiction

---

[1]As noted above, Stringer does not allege that there is subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court also finds that the allegations in her complaint and the FAC do not support federal subject matter jurisdiction pursuant to Section 1331.

exists only when 'no plaintiff and no defendant are citizens of the same state." *Baker v. Residential Funding Co, LLC*, 886 F. Supp. 2d 591, 597 (E.D. Mich. 2012) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted)). Complete diversity of citizenship is lacking if a member of a defendant limited liability company is a resident of the same state as a plaintiff. *Delay,* 585 F.3d at 1005 (citing *Caudill v. N. Am. Media Corp.,* 200 F.3d 914, 916 (6th Cir. 2000) ("Indeed, if even one of [the LLC]'s members—or one member of a member—were a citizen of Ohio, then complete diversity, and with it federal jurisdiction, would be destroyed.")).

## IV. ANALYSIS

For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this matter and dismisses Stringer's cause of action without prejudice.

### A. Motion to Substitute

Stringer proposes substituting the LLC for PSSC as the defendant in this matter. Despite many tangential arguments and a brief in opposition to the motion to substitute, the LLC largely treats the motion to substitute as one to amend the complaint. (*See* ECF No. 24,

PageID.136–138.) Stringer similarly treats the motion to substitute as a motion to amend the complaint. (*See, e.g.,* ECF No. 19, PageID.92 (citing and relying on, among other rules, Federal Rule of Civil Procedure 15(a) and (c)); ECF No. 25 (citing and relying on Rule 15(a)(2)).)

In its discretion, the Court also analyzes the motion to substitute as a motion to amend the complaint, particularly as nonparties can be added a lawsuit pursuant to Rule 15(c). *See, e.g.,* Fed. R. Civ. P. 15(c) (commentary) ("when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall 'relate back' to the date of the original pleading"); *Powell v. KEDPLASMA, LLC*, 2019 WL 13298939, at *1 (E.D. Tenn. Feb. 7, 2019); *Meredith v. United Air Lines*, 41 F.R.D. 34, 41 (S.D. Cal. 1966).

The Court also concludes that the interests of justice weigh in favor of allowing Stringer to amend the FAC by substituting the LLC for PSSC and relating that amendment back to the filing of Stringer's original complaint. *Powell*, 2019 WL 13298939, at *1. The Court's decision is buttressed by the fact that the LLC acknowledges that it acquired the assets of PSSC and elected to file a motion to dismiss the FAC. In fact,

the LLC would not have standing to file a motion to dismiss in this case as a non-party. *Id. See also* Fed. R. Civ. P. 12(b) (emphasis added) ("a **party** may assert the following defenses by motion"); *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 423 n.1 (C.D. Cal. 2006); *Kimes v. Lab. Corp. of Am.*, No. 1:00-cv-1093, 2002 WL 31812919, at *1 (M.D.N.C. Dec. 13, 2002).

For the reasons stated above, the Court **GRANTS** Stringer's motion to substitute the LLC as the proper defendant.

### B. Motion to Dismiss

Stringer has alleged that she is a citizen of Ohio. (ECF No. 12, PageID.43.) The LLC argues, and Stringer does not dispute, that the LLC has members that are citizens of Michigan and Ohio. (ECF No. 16, PageID.76; ECF No. 16-1, PageID.82.) As such, Stringer and the LLC are both citizens of the same state (Ohio), thus destroying diversity jurisdiction pursuant to 28 U.S.C. § 1332. *US Framing Int'l LLC v. Cont'l Bldg. Co.,* 134 F.4th 423, 428 (6th Cir. 2025) (citing *Delay*, 585 F.3d at 1005); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (Section 1332 requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant."); *Jerome-Duncan, Inc.*, 176

F.3d at 907; *Baker,* 886 F. Supp. 2d at 597.

Since the Court lacks subject matter jurisdiction over this matter, the Court **GRANTS** the LLC's motion to dismiss and **DISMISSES** Stringer's cause of action. The dismissal is without prejudice, as the Court has no jurisdiction to decide the merits of Stringer's case.

## V. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Stringer's motion to substitute (ECF Nos. 19, 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the LLC's motion to dismiss (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Stringer's motion for exemption from PACER fees (ECF No. 22) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**.

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: July 31, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager